IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>    Plaintiff,<br>v.<br>MERCADO-AGUAYO,<br>    Defendant. | Case No. 20-cr-00290-CRB-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Santiago Benito Mercado-Aguayo ("Mercado-Aguayo") is currently serving a 90-month sentence following a conviction for distribution of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). He brings this motion for compassionate release and reduction of his sentence pro se pursuant to 18 U.S.C. § 3582(c)(1)(A). See Mot. (dkt. 44). The government opposes the motion. See Opp'n (dkt. 45).

Prior to bringing a motion for compassionate release, a defendant must first exhaust his administrative remedies by requesting that the BOP move on his behalf, and either (1) "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) wait 30 days after the warden of the defendant's facility received his request. See 18 U.S.C. § 3582(c)(1)(A); see also United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). Mercado-Aguayo does not indicate in his motion whether he has complied with these requirements, and the government puts forth evidence that he has not. See Heffron Decl. (dkt. 46) Ex. C.

Mercado-Aguayo's motion is thus DENIED, without prejudice to a future motion

after he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).[1]

**IT IS SO ORDERED.**

Dated: February 21, 2023



_____
CHARLES R. BREYER
United States District Judge

---

[1] The government urges the Court to also deny Mercado-Aguayo's motion on substantive grounds, based on a failure to present extraordinary and compelling reasons warranting a sentence reduction, and a failure to demonstrate that the Section 3553(a) factors warrant a sentence reduction. See Opp'n at 8–12; see also 18 U.S.C. § 3582(c)(1)(A)(i); Keller, 2 F.4th at 1283–84. Because Mercado-Aguayo brings this motion pro se, the Court declines to "deny the motion on all three bases to save the parties and the Court time and resources." Opp'n at 1. However, in any future motion, Mercado-Aguayo is encouraged to address why his circumstances represent "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and demonstrate why the applicable Section 3553(a) factors compel a different result today than at Mercado-Aguayo's sentencing in March 2021.